Estate of Gladys Forbes, also known as Kay Murray, a mental incompetent, Stella Auten, Committee of the Estate of Gladys Forbes, also known as Kay Murray, a mental incompetent v. Commissioner.
Estate of Gladys Forbes v. Commissioner
Docket No. 16013.
United States Tax Court
1953 Tax Ct. Memo LEXIS 358; 12 T.C.M. (CCH) 176; T.C.M. (RIA) 53059; February 20, 1953
D. Paul Camilletti, Esq., Board of Trade Building, Wheeling, W. Va., and Carl B. Gailbraith, Esq., for the petitioner. Albert J. O'Connor, Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax and additions thereto as follows: 294(d)(1)(A)
291(a)
Failure to
294(d)(2)
Year
Deficiency
50% Penalty
Late filing
file estimate
6%
1944
$2,198.79
$1,099.40
$549.70
$ 234.18
$140.51
1945
2,616.59
1,308.30
130.83
274.52
168.03
1946
9,763.87
4,881.93
1,041.53
650.98
Findings of Fact Gladys Forbes filed individual income tax returns for 1944 and 1945 on April 12, 1946 with the collector of internal revenue *359 for the District of West Virginia. The failure of the taxpayer to file those returns on or before their due date was due to negligence. The return for 1946 was filed with the same collector on March 14, 1947. The correct amount of the net income of Alice Forbes is $8,919.11 for 1944, $9,434.16 for 1945, and $28,537.88 for 1946. Opinion MURDOCK, Judge: The Commissioner concedes that no additions to the tax under section 293 (b) for fraud are due for any of the three taxable years. He has also conceded certain items which reduce the net income for each year as originally determined by him. The evidence fails to show that the net income as thus reduced is erroneous. Certain checks were introduced in evidence apparently for the purpose of providing some deductions or adjustments in addition to those conceded by the Commissioner. There was no testimony in regard to the checks and the checks themselves do not justify or permit any finding of fact which would be helpful to the petitioner. No error was assigned as to the additions to the tax determined under section 291 (a) for 1944 and 1945, and no change in those additions is indicated. The record does not show that Gladys Forbes *360 filed a declaration of estimated tax for any of the years in controversy. No showing has been made that the additions under sections 294 (d) (1) (A) and 294 (d) (2) were improperly imposed except as to 1946, during which year it appears that Gladys Forbes was mentally incompetent and her failure to file the required return on which her tax should have been estimated was due to reasonable cause and not to willful neglect. The Commissioner in his brief does not seriously contest this point. Therefore, the addition under section 294 (d) (1) (A) for 1946 was not proper. The addition under section 294 (d) (2), of course, must stand. Decision will be entered under Rule 50.